## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTIN GISAIRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 19-cv-2727<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Martin Gisairo, individually and on behalf of all others similarly situated, by his attorneys, files this Class Action Complaint ("Complaint") against Defendant Lenovo (United States) Inc. ("Lenovo"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on the investigation conducted by their counsel as to all other allegations.

## INTRODUCTION AND SUMMARY OF ACTION

1.     Plaintiff brings this consumer class action alleging that Lenovo misled consumers about the quality and functionality of certain laptop computers that it designed, manufactured, marketed, sold, and distributed to thousands of consumers in Minnesota and throughout the United States.

2.     These laptop computers possess a material defect the prevents them from being used as portrayed in Lenovo's advertising materials, and Lenovo concealed, failed to disclose, or otherwise engaged in deceptive marketing with respect to this defect. As a

result, many consumers purchased computers that became practically unusable after months or even days of use.

3.    In May 2017, Lenovo introduced a new model of laptop computer marketed in North America as the Flex 5 and in other regions as the Yoga 520 (the "Flex 5"). In April of the following year, Lenovo began selling the Yoga 730 laptop computer (the "Yoga 730", and together with the Flex 5, the "Class Laptops").

4.    Defendant marketed both computers as "2-in-1" devices: laptops with touchscreen monitors that can be folded flat against the underside of the base of the machine to approximate the form of a tablet computer. Lenovo represented that this "360° flexibility" allows the user to find the "perfect viewing angle" and "easily flip into tablet mode for browsing the web, or stream a TV show in tent mode."[1]

5.    Lenovo's marketing materials also boast of "Ultra HD" and "4K" high resolution displays, claiming that "you'll see every detail" and "you'll be able to watch movies and browse the web in vivid detail from nearly every angle."[2]

6.    Defendant uniformly represented to consumers that it had years of experience in the manufacture of computers and mobile devices and was in effect an expert in the manufacture, design, and use of computers.

---

[1] *See* Lenovo Yoga 730 Tour, February 26, 2018, https://www.youtube.com/watch?v=ZK1CYacQ6_E&feature=youtu.be (last accessed June 6, 2019); Flex 5 (14"), *Product Page,* https://www.lenovo.com/us/en/laptops/ideapad/ideapad-flex-series/Flex-5-14/p/88IP8FX0831 (last accessed June 6, 2019) (hereinafter, "Flex 5 Product Page").

[2] *See* Yoga 730 15" Laptop, *Product Page*, https://www.lenovo.com/us/en/laptops/yoga/700-series/Yoga-730-15/p/88YG7000965 (last accessed June 6, 2019); FLEX 5 15.6" Datasheet, http://psref.lenovo.com/syspool/Sys/PDF/datasheet/Lenovo_Flex_5_15IKB_datasheet_EN.pdf (last accessed June 6, 2019).

7.      Plaintiff and Class members saw or heard these representations from Defendant about the Class Laptops prior to purchasing their Flex 5 or Yoga 730 computers.

8.      Plaintiff purchased a Flex 5 manufactured by Defendant on December 29, 2017, for $799.99. Within only a few months of his purchase, Plaintiff noticed a problem that has plagued other purchasers of the Class Laptops: during ordinary use of the machine, part or all of the monitor display flickers, freezes, blacks out, and/or displays corrupted visuals (*e.g.*, a grey screen marked by vertical lines).

9.      Contrary to Lenovo's representations, the Class Laptops are designed and manufactured with an inherent defect that over time compromises the monitor display (the "Defect"), impairing the computer's graphical user interface. As a result, the user's ability to input information into the computer and to view program output (which is to say, the primary modes of user interaction with a computer) is dramatically reduced. Thus, the Defect renders the computer partially or wholly unusable.

10.     According to Plaintiff and other Flex 5 and Yoga 730 laptop owners who have experienced the Defect, the display problems are triggered and exacerbated when the display is opened or moved, such as when the user folds the monitor into "tent mode" or "tablet mode."

11.     Upon information and belief, the Defect is the result of ordinary stress on a vital component of the computer. Visual information is transmitted to the display via the embedded DisplayPort cable ("eDP cable"), which connects the computer's display to the motherboard and travels through the hinge assembly connecting the display and the body

of the machine. If the eDP cable is poorly routed, opening and moving the display (such as when folding the monitor into tablet or tent mode) could loosen the cable and lead to the issues associated with the Defect.

12.    Consequently, the Class Laptops are not fit for their intended purpose as 2-in-1 laptop computers and cannot satisfy the representations Lenovo made in its marketing materials and warranties.

13.    There are hundreds, if not thousands, of customer posts on Defendant's own online forum complaining of the display issues described above in the Class Laptops. These posts date back to at least December 2017.

14.    Lenovo has responded to the Defect in several ways, all of which are inadequate. In communications with some owners of the Class Laptops, Lenovo has stated that a wiring issue was causing the screen flickering and other display issues. Despite acknowledging the Defect in this fashion, Defendant has been unable or unwilling to address the true scope and pervasive nature of the Defect in the Class Laptops.

15.    Defendant's laptop computers are covered by a limited warranty (the "Limited Warranty"), which warrants that Lenovo products are free of defects in material and workmanship and that Lenovo will repair, replace, or refund the purchase if it is unable to repair a product.

16.    The Defect manifests both inside and outside of the warranty period. Defendant has been unable to fix the Defect during the warranty period and routinely refuses to repair the Defect free of charge outside of the warranty period.

17.     On two separate occasions, Plaintiff sent his Flex 5 to Lenovo for repair during the warranty period. On both occasions Lenovo claimed to have fixed the issue, but the display issues persisted after Lenovo returned Plaintiff's computer. Many other purchasers of the Class Laptops have also sent their computers in for repair (often multiple times), only to find that the same issues crop up after the purported repairs.

18.     Despite being aware of the cause of the Defect, Lenovo and its representatives have often engaged in, or directed frustrated customers to engage in, ineffective repair methods. Many customers who attempted to exercise their rights under the warranty were told the display issues were the result of a software problem and were told to install or update software, which did not fix the Defect. And when Lenovo accepted a Class Laptop for repair under the warranty, it often replaced the screen, "rerouted" the eDP cable, or merely taped it into place. None of these purported repairs remedied the display issues, because none addressed the Defect.

19.     Defendant marketed, promoted, and sold the Flex 5 and Yoga 730 laptops as 2-in-1 laptops featuring high resolution displays and monitors capable of folding into tent and tablet modes.

20.     Defendant knew that a material factor for consumers purchasing a Flex 5 or Yoga 730 was that the device possess a monitor capable of movement into various positions and be able to consistently display visual information via a graphical user interface.

21.     The Defect, however, makes it difficult or impossible to interface with programs, watch movies, play games, or otherwise engage in a typical fashion with the Class Laptops.

22.     Lenovo concealed from and/or failed to disclose to Plaintiff and the Class the defective nature of the Class Laptops, and failed to remove the Class Laptops from the marketplace or take adequate action to remedy the Defect. Rather, Lenovo sold and serviced the Class Laptops even though it knew, or was reckless in not knowing, that the Defect impacted the display of the Class Laptops and would ultimately result in Plaintiff's and Class members' inability to use their Class Laptops for their intended purpose.

23.     Defendant's knowledge of the defect is evident from its acknowledgment of the defect as detailed herein, and from complaints lodged on Defendant's own online forum.

24.     As a result of Lenovo's unlawful, unfair, fraudulent, misleading, and deceptive practices, Plaintiff and other consumers have purchased Lenovo's products under the mistaken belief that the Flex 5 and Yoga 730 laptops possessed high quality, functional monitor displays that were capable of folding without damaging the machine.

25.     Had Plaintiff and the Class known the facts regarding the Defect in the Class Laptops, those facts would have been material to their and any reasonable consumer's decisions to purchase the Class Laptops at the price they paid for them.

26.     As a consequence of Lenovo's false and misleading statements, their active concealment of the Defect, and their failure to repair or otherwise address the Defect,

Plaintiff and the Class have suffered injury in fact and actual damages in that the Class Laptops they purchased are unreliable and/or unusable for their intended purposes. As a direct and proximate result of the Defect, Plaintiff and the Class have also suffered or will suffer damages in the form of, *inter alia*: out-of-pocket expenditures for the replacement and attempted repairs of the Class Laptops; diminished value of the Class Laptops; and the failure to receive the benefit of the bargain in their purchases of the Class Laptops.

27.    Accordingly, Plaintiff seeks redress for Defendant's breaches of warranties and violations of the Magnuson-Moss Warranty Act and Minnesota's Prevention of Consumer Fraud Act, Unlawful Trade Practices Act, Deceptive Trade Practices Act, False Statements in Advertising Act, Private Attorney General Statute, and the common law of the state.

28.    In furtherance of the public interest, and in order to remedy Lenovo's wrongful conduct, Plaintiff brings this action as a class action, and asserts claims on behalf of himself and a class of similarly situated persons seeking money damages and equitable relief for Defendant's conduct described herein.

29.    Because of the relatively small size of the typical individual Class members' claims, it is unlikely that individual Class members could afford to seek recovery on their own. This is especially true in light of the size and resources of Defendant. A class action is, therefore, the only reasonable means by which Class members can obtain relief.

## PARTIES

30.     At all times relevant herein Plaintiff, Martin Gisairo, was a citizen of the United States residing in Minnesota. Plaintiff purchased a Flex 5 for his personal use in connection with school on December 29, 2017, for $799.99, from a Costco store located in Minnesota.

31.     Defendant Lenovo is a Delaware corporation with its principal office located at 1009 Think Place, Morrisville, North Carolina, 27560. Upon information and belief, Lenovo is a subsidiary of Lenovo Group Limited, a global Fortune 500 company and one of world's largest manufacturers and sellers of computers, with its global headquarters located in Beijing, China. Defendant Lenovo utilizes the website www.lenovo.com/us and its related webpages, as well as resellers, to market and sell personal computers and related products directly to consumers throughout the United States, including to consumers in Minnesota. Lenovo is registered to do business in Minnesota and other states across the country.

## JURISDICTION AND VENUE

32.     This Court has personal jurisdiction over Lenovo because: a portion of the wrongdoing alleged in this Amended Complaint took place in this state; Lenovo is authorized to do business here and systematically and continuously conducts business here; Lenovo has sufficient minimum contacts with this state; and Lenovo otherwise intentionally avails itself of the markets in this state through the promotion, marketing, and sale of its products in this state. These facts render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

33.     This Court has subject matter jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1332(d). This is a class action, the matter in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and Plaintiff and the Class members are citizens of states different from defendant.

34.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

35.     Lenovo's parent company was founded in China in 1984 and is headquartered in Beijing. The company designs, develops, manufactures, and sells personal computers, tablet computers, smartphones, workstations, servers, electronic storage devices, IT management software, and smart televisions.

36.     Lenovo operates in more than sixty countries and sells its products in around one hundred and sixty countries. Lenovo's principal facilities are in Beijing and Morrisville, North Carolina, with research centers in China, Japan, and Morrisville, sales centers in Beijing, Morrisville, France, and Singapore, and manufacturing centers in China, Mexico, India, and Whitsett, North Carolina.

37.     As of March 2019, Lenovo was the world's largest personal computer vendor by unit sales.

38.     Lenovo launched the Yoga family of computers—products named for their ability to assume multiple form factors due to a hinged screen—in 2012, with the launch of the Lenovo IdeaPad Yoga 13 laptop computer. Since that time, Lenovo has released at least 20 new lines laptop computers under the Yoga and Flex brand names.

A.    **The Class Laptops**

39.    Both the 14" screen and 15" screen models of the Flex 5 laptops went to market in or around May 2017 with the basic models priced at $799.99. The Yoga 730 model of laptop went to market in or around April 2018; the basic 13" screen model was priced at $880, while the basic 15" screen model was priced at $990.

40.    Defendant marketed both computers as high quality 2-in-1 laptops with touchscreen monitors that could be folded flat against the underside of the base of the machine.

41.    Specifically, Lenovo stated that the "durable" and "versatile 360-degree hinge" of the Flex 5 enabled the user to "easily flip into tablet mode for browsing the web, or stream a TV show in tent mode. With this much flexibility, you'll always find your perfect viewing angle."[3]

42.    Similarly, Lenovo marketed the "360° flexibility" of the Yoga 730, describing it as a "truly multimode device, elegantly designed to be equally stylish as you transition from tablet mode to laptop mode and back."[4]

---

[3] *See* Flex 5 Product Page; YOGA 520 Tour, February 27, 2017, https://www.youtube.com/watch?v=nAt5k4zP2fs (last accessed June 6, 2019). Defendant also touted the "brilliant clarity of full high definition viewing" of the "touchscreen narrow-bezel display" enabling users to "watch movies and browse the web in vivid detail from nearly every angle," and the "precise design" of the machine. *See also* Flex 5 Product Page.
[4] *See* Lenovo Yoga 730 Tour, February 26, 2018, https://www.youtube.com/watch?v=ZK1CYacQ6_E&feature=youtu.be (last accessed June 6, 2019); Yoga 730 Datasheet, https://forums.lenovo.com/lnv/attachments/lnv/mwc2018_en/3/1/53905_Yoga%20730-13-15IKB%20Datasheet_FA_180219_LR.pdf (last accessed June 6, 2019). Defendant marketed the Yoga 730 as a "premium" machine featuring a "15" wide-angle display" designed for "watching the latest in theatrical quality video, movies, and TV exactly the way they were meant to be seen.

43.    Defendant represented to consumers that it had years of experience in the manufacture of computers and was in effect an expert in the manufacture, design, and use of computers.

44.    Defendant's Limited Warranty "warrants that each Lenovo hardware product that you purchase is free from defects in materials and workmanship under normal use during the warranty period."[5] If a Lenovo-approved service provider "determines that it is unable to repair your product, the Service Provider will replace it with one that is at least functionally equivalent. If the Service Provider determines that it is unable to either repair or replace your product, your sole remedy under this Limited Warranty is to return the product to your place of purchase or to Lenovo for a refund of your purchase price."[6]

45.    Defendant designed, manufactured, warranted, advertised, and sold the Class Laptops to thousands of consumers throughout the United States and, upon information and belief, disseminated marking materials from its headquarters in North Carolina.

46.    Defendant marketed, promoted, and expressly warranted that the Class Laptops were premium, fully functioning 2-in-1 computers, able to assume tablet and tent

---

With 300 nits brightness, you'll see every detail." *See* Yoga 730 15" Laptop, *Product Page,* https://www.lenovo.com/us/en/laptops/yoga/700-series/Yoga-730-15/p/88YG7000965 (last accessed June 6, 2019).
[5] *See* Lenovo Limited Warranty, https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf (last accessed June 6, 2019).
[6] *Id.*

mode, and furthermore able to perform all of the basic functions of similar laptops of their class.

47.    Plaintiff and the Class members purchased their Class Laptops to be used for computing purposes like those portrayed by Defendant in their marketing materials for all of the Class Laptops.

**B.    The Defect**

48.    Contrary to Lenovo's representations, the Class Laptops are designed and manufactured with an inherent defect that compromises the monitor display. During ordinary use of the machine, the Defect causes part or all of the monitor display to flicker, freeze, black out, and/or display corrupted visuals (e.g., a gray screen marked by vertical lines). When these issues manifest, use of the computer is, at best, difficult, and often impossible because the user cannot see their own input or the computer's visual output. Since the Defect impairs the user's visual interface to the machine, it renders the device partially or wholly unusable.

49.    According to Plaintiff and other Flex 5 and Yoga 730 Laptop owners who have experienced the Defect, the display problems are triggered and exacerbated when the display is opened or moved, such as when the user folds the monitor into tent or tablet mode.

50.    Consequently, the Class Laptops are not fit for their intended purpose and cannot perform in accordance with Lenovo's marketing materials and warranties.

51.    Plaintiff purchased a Flex 5 manufactured by Defendant on December 29, 2017, for $799.99, from a Costco store located at 1431 Beam Ave, Maplewood,

Minnesota 55109.[7] Plaintiff intended to use the computer in connection with school, among other things.

52.    His purchase was covered by the Limited Warranty for a period of one year.

53.    Within weeks of purchasing the computer Plaintiff noticed the monitor display flickering. This issue worsened over time, greatly diminishing his ability to use the machine, and only a few months after the purchase the display began blacking out, rendering the computer unusable. These issues would occur after only minutes of use and sometimes upon powering on the machine.

54.    Plaintiff sent his Flex 5 to Lenovo for repair twice under the Limited Warranty. The first time, in or around June 2018, Lenovo failed to fix the Defect and Plaintiff continued to experience screen flickering and black out while using the machine. Plaintiff sent his computer to Lenovo a second time in January 2019, but the day after Plaintiff received the purportedly repaired computer the screen flickering and black outs resumed.

55.    In February 2019, after the second failed repair attempt, Plaintiff again contacted Lenovo about repairing his Flex 5, but Lenovo stated that his warranty had expired and refused to repair the machine free of charge.

56.    The issues caused by the Defect were so severe that Plaintiff often opted to use another eight year old laptop instead of the new Flex 5. During his first year of

---

[7] Defendant's website touts Costco as a "fine retailer[]" of Lenovo products. *See* https://www.lenovo.com/us/en/landingpage/reseller-locator/ (last accessed June 6, 2019).

ownership, Plaintiff estimates that in the aggregate he used the Flex 5 for approximately two months, after taking into account the time the Flex 5 was out for repair and the time it was rendered unusable by the Defect.

57.     The Defect has impacted many other purchasers of the Flex 5. For example, on the English Community forum on the Lenovo website (the "Lenovo Forum"), on December 26, 2017, a forum member created a thread entitled "Lenovo Flex 5 1470 black screen flickering" and wrote:

> My ~2 week old Lenovo Flex 5's screen started to flicker a few days ago and the issue has become progressively worse since then to a point where most of the screen is covered by black flickering at times. The computer starts fine, but when the computer is moved and especially when the screen is moved up or down the flickering appears. Sometimes the flickering only starts after the computer has been on for a few hours (restarting the PC fixes the issue for a short while).
>
> I have tried updating to the latest Intel graphics drivers in the device manager to no avail. I then tried uninstalling the display drivers from the device manager, that only seemed to work for a short while.[8]

58.     In the same thread, another customer replies: "I have the exact same problem. My issue occurs mostly when i just turn the laptop on but once i start using it its fine. It does flicker when i move the screen and overtime its gotten worse when i first pull open the laptop." Another states: "I am also having this issue where black flickering will

---

[8] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Lenovo-Flex-5-1470-black-screen-flickering/m-p/3919809 (last accessed June 6, 2019).

cover all or most of the screen. This problem has appeared in the last week and I bought this laptop new 3 weeks ago."[9]

59.    In another thread on the Lenovo Forum created on December 21, 2017, and entitled "New Flex 5 has some problems," a customer wrote:

> [A]bout four days ago, the screen started flickering black when the screen was positioned a certain way. It happened again the next day but hasn't since then. I'm not trying to push my luck so I haven't put it tablet mode. However, the night before the problem started I used it in tablet mode and might have opened it too quickly. I fear that may have been what caused the flickering but I don't know if it was just a temporary thing or if it's a better bet to send it in to have it looked at. I'm a bit against sending it in because I'm on break at the moment and would like to use the laptop but I don't want it getting worse when my classes start again and I be stuck without a laptop for long time.[10]

60.    Within this thread there are four pages of posts like these, and on the Lenovo Forum there are dozens of threads like this one detailing the issues caused by the Defect. Below are a few examples of such threads pertaining to the Flex 5, each one created by a different consumer and containing a multitude of testimonials regarding the issues created by the Defect:

1.    Lenovo YOGA 520 Screen Flickering (created February 15, 2018).[11]

---

[9] *Id.*

[10] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/New-Flex-5-has-some-problems/m-p/3916332 (last accessed June 6, 2019).

[11] *See* https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-YOGA-520-Screen-Flickering/m-p/3981483?search-action-id=465478280913&search-result-uid=3981483 (last accessed June 6, 2019).

2.  Flex 5 1570 Display vertical stripe and lower pink band - flicker (created April 3, 2018).[12]

3.  Lenovo FLEX 5-1470 black sreen flickering and warranty claim (created April 6, 2018).[13]

4.  Screen Flickering on Ideapad Flex 5 (created July 15, 2018).[14]

5.  New Flex 5 screen doesn't work and poor customer service (created November 21, 2018).[15]

6.  Lenovo Flex 5 1570 Black Screen Flickering (created December 5, 2018).[16]

7.  Flex 5 1570 screen flickering in tablet mode (created December 20, 2018).[17]

61.    As with the Flex 5, there are numerous posts on the Lenovo Forum attesting to the tendency of the monitor display of the Yoga 730 to flicker, freeze, black out,

---

[12] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Flex-5-1570-Display-vertical-stripe-and-lower-pink-band-flicker/m-p/4032534?search-action-id=465477875508&search-result-uid=4032534 (last accessed June 6, 2019).

[13] *See* https://forums.lenovo.com/t5/General-Discussion/Lenovo-FLEX-5-1470-black-sreen-flickering-and-warranty-claim/m-p/4035448?search-action-id=465477875508&search-result-uid=4035448 (last accessed June 6, 2019).

[14] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Screen-Flickering-on-Ideapad-Flex-5/m-p/4141904?search-action-id=465490290853&search-result-uid=4141904 (last accessed June 6, 2019).

[15] *See* https://forums.lenovo.com/t5/General-Discussion/New-Flex-5-screen-doesn-t-work-and-poor-customer-service/m-p/4277334?search-action-id=465478125243&search-result-uid=4277334 (last accessed June 6, 2019).

[16] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Lenovo-Flex-5-1570-Black-Screen-Flickering/m-p/4293229?search-action-id=465490290853&search-result-uid=4293229 (last accessed June 6, 2019).

[17] *See* https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Flex-5-1570-screen-flickering-in-tablet-mode/m-p/4308542?search-action-id=465477875508&search-result-uid=4308542 (last accessed June 6, 2019).

and/or display corrupted visuals. The earliest mention of this problem is on May 22, 2018, in a thread that spans twenty one pages and almost two years.[18]

62.      This thread contains numerous accounts of customers attempting to exercise their rights under the Limited Warranty, and Defendant's repeated failures to fix the Defect. For example, on February 7, 2019, a customer wrote: "I kid you not....I just received my laptop from Lenovo repair center. I turned it on and I have a dark bar going down the middle.  At least the flickering is only on the bottom half of the screen vs the whole screen…." Another customer reported that: "I had a lot of trouble with my Lenovo. 1st issue with screen flickering popped up quickly and I lost use of the laptop for a couple months while being repaired at the service center. They replaced the screen but that didn't solve the problem and the flickering started again a few weeks later."[19]

63.      In another example, on August 30, 2018, a forum member created a thread entitled "Yoga 730-131Kb Screen Flickering Issues Have Begun Within Several Days of Receiving My NEW Laptop," stating:

> Following advice posted online by the Lenovo Support team to update my drives and bios has not helped and I am extremly [sic] frustrated [sic] that a new laptop not even a month old is consistantly [sic] glitching on a day to day basis, at times getting [sic] so severe as to impede my work, is there a way to fix this without having to call up the Lenovo customer support and fighting through a machin [sic] answering machine to get some help.[20]

---

[18] *See* https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/YOGA-730-flickering-Screen-blicking/m-p/4085136?search-action-id=465492512299&search-result-uid=4085136 (last accessed June 6, 2019).

[19] *Id.*

[20] *See* https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-131Kb-Screen-Flickering-Issues-Have-Begun-Within/m-p/4190562 (last accessed June 6, 2019).

64.    In the same thread, another customer responds:

My sons Yoga 730 he just bought from BestBuy has the same issue. He needs it for school and can't affort [sic] to send it away for report. I am an IT guy and have checked it out. Windows and Lenovo updates have all been applied to do not correct the issue. Seems like a [hardware] problem. . . .

65.    There are dozens of threads and hundreds (if not thousands) of posts in the Lenovo Forum detailing the monitor display problems caused by the Defect in the Yoga 730. Purchasers of the Flex 5 and Yoga 730 have also posted similar accounts on many other internet forums.[21]

66.    Some customers claim to have successfully remedied the Defect by replacing the eDP cable, which connects the monitor display to the motherboard and travels through the hinge assembly connecting the monitor and the body of the machine. If the eDP cable is poorly routed, or subject to pinching, pressure, or friction, opening and moving the display (such as when folding the monitor into tablet or tent mode) could loosen the cable and lead to the display issues associated with the Defect.

67.    On the Lenovo Forum, one customer wrote:

I had the laptop repaired by a contracted service technician who replace the [eDP] cable that connects the screen to the main board. Voila. No issues so far. I was told this issue arises with other laptop makes as well! The cable routing and stress from

---

[21] *See, e.g.*, r/Lenovo, *Lenovo Flex 5 Screen Issues*, November 8, 2018, https://www.reddit.com/r/Lenovo/comments/9vfuqu/lenovo_flex_5_screen_issues/ (last accessed June 6, 2019); r/techsupport, *Brand new Lenovo Flex 5 screen glitch. Hardware or Software issue?*, August 27, 2017, https://www.reddit.com/r/techsupport/comments/6wes3h/brand_new_lenovo_flex_5_screen_glitch_hardware_or/ (last accessed June 6, 2019); Laptop Tech Support, *Lenovo Yoga 730 screen flashing like crazy*, November 28, 2018, https://forums.tomsguide.com/threads/lenovo-yoga-730-screen-flashing-like-crazy.441132/ (last accessed June 6, 2019).

the screen opening and closing apparently had damaged the cable.[22]

68. Multiple customers have stated that Lenovo's repairs under the Limited Warranty amounted to no more than "reseating" (rather than replacing) the eDP cable. One customer related their experience with Lenovo after their new Yoga 730 experienced screen flickering as follows:

- Contacted customer service, when I described the problem they immediately recommended sending it in for repairs, as though they know about this common issue

- Sent laptop in for repairs; Lenovo holds my computer for weeks with no updates (said 7-9 business days)

- They provide update after much haranguing, then tried to charge me for the repairs, which I was only able to fight by engaging them on social media

- They eventually agreed to greenlight the repairs for no charge

- Lenovo returns my laptop, work order says only "reseated display cable" (so they didn't replace anything)

- Screen flickering again starts back up almost immediately

- I open up the bottom panel, all they did was tape the display connector in place, which is ridiculously ineffective [23]

---

[22] *See* Lenovo Forum, *Re: Lenovo Flex 5 1470 black screen flickering*, September 7, 2018, https://forums.lenovo.com/t5/Lenovo-IdeaPad-1xx-3xx-5xx-7xx/Lenovo-Flex-5-1470-black-screen-flickering/m-p/4213550#M59986 (last accessed June 6, 2019).

[23] *See* Lenovo Forum, *Re: YOGA 730 flickering, Screen blicking*, December 11, 2018, https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/YOGA-730-flickering-Screen-blicking/td-p/4085136/page/17 (last accessed June 6, 2019).

69.     The Defect manifests both inside and outside of the warranty period. As illustrated above, Defendant is often unable to fix the Defect during the warranty period and routinely refuses to repair the Defect free of charge outside of the warranty period.

70.     Lenovo has been on notice of the Defect in the Flex 5 since at least late 2017, and in the Yoga 730 since at least May 2018 through complaints made to the Lenovo Forum. Nevertheless, Defendant has failed to adequately respond to the Defect.

71.     Although Lenovo has not officially acknowledged the pervasive nature of the Defect, it has—according to the accounts of many customers—communicated to some customers that a wiring issue in the Class Laptops causes the problem.

72.     Defendant marketed, promoted, and sold the Flex 5 and Yoga 730 laptops as 2-in-1 laptops featuring a high resolution display and a monitor capable of folding into tent and tablet modes.

73.     Defendant knew that a material factor for consumers purchasing a Flex 5 or Yoga 730 was that the device possess a high quality display, a foldable monitor, and be able to consistently display input and output.

74.     Lenovo concealed from and/or failed to disclose to Plaintiff and the Class the defective nature of the Class Laptops, and failed to remove the Class Laptops from the marketplace or take adequate action to remedy the Defect. Rather, Lenovo sold and serviced the Class Laptops even though it knew, or was reckless in not knowing, that the Defect impacted the display of the Class Laptops and would ultimately result in Plaintiff's and Class members' inability to use their Class Laptops for their intended purpose.

75.    As the Defect likely results from the design of the Class Laptops—*i.e.*, the routing of the eDP cable through the monitor hinge—reseating or replacing the cable are unlikely to fully remedy the Defect.

## CLASS ACTION ALLEGATIONS

76.    Plaintiff brings this lawsuit on behalf of himself and all similarly situated individuals and entities, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4). The classes consist of:

1.    **The Nationwide Class:** All purchasers in the United States who purchased a Flex 5 or Yoga 730 laptop computer (the "Nationwide Class"); and

2.    **The Minnesota Subclass:** All purchasers in the state of Minnesota who purchased a Flex 5 or Yoga 730 laptop computer (the "Minnesota Subclass", and together with the Nationwide Class, the "Class").

77.    Excluded from the Class are: (a) any Judge presiding over this action and members of their families; (b) Defendant and their subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

78.    ***Numerosity*:** Members of the Class are so numerous that their individual joinder is impracticable. Moreover, the Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased Flex 5 and/or Yoga 730 laptop computers. The precise number of Class members can be ascertained through discovery, which includes Defendant's records. Plaintiff estimates the number of Class members to be in at least the tens of thousands. The disposition of their claims through a class action will benefit both the parties and this Court.

21

79.    _**Commonality**_: There are questions of law and fact common to the Class that will materially advance the litigation, and these common questions predominate over any questions affecting only individual Class members. Among the questions common to the Class are:

1.    Whether the Class Laptops suffer from a design defect that causes the eDP cable to fail;

2.    The origins and implementation of, and the justifications for, if any, Lenovo's policies and technology relating to the Defect and its manifestation in the Class Laptops;

3.    When Lenovo became aware of the Defect in the Class Laptops and how it responded to that knowledge;

4.    Whether Lenovo actively concealed and/or failed to notify consumers of the Defect in the Class Laptops;

5.    Whether Defendant knew of the Defect but failed to disclose the problem and its consequences to their customers;

6.    Whether a reasonable consumer would consider the Defect and its consequences to be material;

7.    Whether Defendant's conduct violates state consumer protection laws as asserted herein;

8.    Whether Defendant's conduct violated the Magnuson-Moss Warranty Act;

9.     Whether Defendant's sale of Flex 5 and Yoga 730 laptops containing the Defect is unfair, false, misleading, or deceptive acts in the conduct of any trade or commerce;

10.    Whether Defendant breached the implied warranty of merchantability by selling the Flex 5 and Yoga 730 laptops containing the Defect;

11.    Whether Plaintiff and the other Class members overpaid for their Class Laptops as a result of the Defect alleged herein;

12.    Whether Plaintiff and Class Members would have purchased their Class Laptops, and whether they would have paid a lower price for them, had they known that they contained the Defect at the time of purchase;

13.    Whether Plaintiff and the Class are entitled to compensatory damages, including, among other things: (i) compensation for all out-of-pocket monies expended by members of the Class for replacement or repair of the Class Laptops; (ii) the failure of consideration in connection with and/or difference in value arising out of the variance between the Class Laptops as merchantable in the absence of the Defect, and as actually manufactured and sold possessing the Defect; and, (iii) whether Plaintiff and the Class are entitled to all costs associated with repair and replacement of their Class Laptops; and

14.    Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief.

80.   **_Typicality_**: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's conduct in designing, manufacturing, marketing, advertising, warranting, and selling the Class Laptops. All of Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured in the same manner by Defendant's uniform course of conduct described herein. Plaintiff and all Class members have the same claims against Defendant relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class members. Plaintiff and all Class members sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendant's wrongful conduct as described herein. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

81.   **_Adequate Representation_**: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving, _inter alia_, breach of warranties, product liability, product design defects, and state consumer fraud statutes.

82.   **_Predominance_**: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members.

83.   **_Superiority_**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members

of the Class is impracticable. Given the amount at issue for each Class member,

individual suits would not be economically viable; however, should individual Class

members bring separate actions, this Court would be confronted with a multiplicity of

lawsuits burdening the judicial system while also creating the risk of inconsistent rulings

and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which

inconsistent results will magnify the delay and expense to all parties and the court

system, this class action presents far fewer management difficulties while providing

unitary adjudication, economies of scale and comprehensive supervision by a single

court.

## CAUSES OF ACTION

### Count I
**Violation of the Minnesota Prevention of Consumer
Fraud Act ("MPCFA")
Minn. Stat. § 325F.68, *et seq.*
(asserted on behalf of the Minnesota Subclass)**

84.    Plaintiff alleges and incorporates by reference the allegations in the

preceding paragraphs.

85.    The MPCFA prohibits:

> The act, use, or employment by any person of any fraud, false
> pretense, false promise, misrepresentation, misleading
> statement or deceptive practice, with the intent that others rely
> thereon in connection with the sale of any merchandise,
> whether or not any person has in fact been misled, deceived, or
> damaged thereby. Minn. Stat. § 325F.69, subd. 1.

86.    Lenovo's practices described herein constitute false, misleading, and

deceptive practices under the MPCFA.

87.    Defendant's practices, acts, policies, and course of conduct described herein were intended to and did in fact induce Plaintiff and members of the Minnesota Subclass to purchase Flex 5 and Yoga 730 laptop computers containing the Defect.

88.    Defendant sold the Class Laptops, directly or through its authorized resellers, while knowingly concealing or recklessly ignoring that they contained the Defect.

89.    Defendant's practices, acts, policies, and course of conduct are actionable in that: Defendant actively and knowingly misrepresented to Plaintiff and the members of the Minnesota Subclass at the time of their purchase that the manufacturing, materials, and/or workmanship of the Class Laptops did not contain any material defects, and were in good working order and merchantable.

90.    Plaintiff and members of the Minnesota Subclass were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose, including but not limited to, the representations about the Class Laptops' quality, design, monitor movement capabilities, and display quality.

91.    Defendant failed to give adequate warnings and notices regarding the Defect and the related problems with the monitor display of the Class Laptops to, and/or actively concealed the fact that the Defect existed from, members of the Minnesota Subclass, despite the fact that Defendant learned of the Defect no later than December 21, 2017.

92.    Defendant's actions and/or omissions caused Plaintiff and the members of the Minnesota Subclass to expend sums of money at repair centers and elsewhere to

repair and/or replace the Defect and/or screen and/or entire laptop computer, despite the fact that Defendant had prior knowledge of the Defect at the time of placing the Class Laptops into the stream of commerce. Moreover, Defendant's post-sale failure to repair or replace Plaintiff's and Minnesota Subclass members' Class Laptops without charge amounted to deceptive conduct under the MPCFA and occurred within six years of initiating this action.

93.    Defendant's marketing, advertising and promoting of the Class Laptops was deceptive because it concealed and failed to reveal the Defect.

94.    Defendant has, through its agents and representatives, admitted to some owners of Class Laptops by its words and actions that the Defendant was aware of the Defect. Some Class Laptops were covered by Defendant's warranties while other customers—including Plaintiff—were denied appropriate relief. Defendant thereby maintained a secret warranty practice for some while denying it for others, thus constituting an unfair, deceptive, arbitrary and unconscionable trade practice.

95.    Each and all of the aforementioned conduct is and was deceptive, false, fraudulent and constitutes an unconscionable commercial practice in that Defendant has, by the use of false or deceptive statements and/or knowing intentional material omissions, misrepresented and/or concealed the true defective nature of the Class Laptops.

96.    Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiff and the Minnesota Subclass members are entitled to relief for Lenovo's violations of the MPCFA, including: (1) an order enjoining Lenovo from continuing to engage in the scheme described herein;

(2) damages; (3) restitution and other equitable remedies; and (4) recovery of their costs and reasonable attorneys' fees.

97.    There was a causal nexus between Defendant's deceptive and unconscionable commercial practices and the damage to Plaintiff and the members of the Minnesota Subclass as alleged herein. Therefore, Plaintiff and the members of the Minnesota Subclass are entitled to recover actual and/or statutory damages and/or trebled damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.

98.    Plaintiff and the members of the Minnesota Subclass seek restitution of all monies that Lenovo received as a result of selling the defective Class Laptops to Plaintiff and the members of the Minnesota Subclass. As a result of this deception, Plaintiff and the members of the Minnesota Subclass expended substantial sums of money and time for the repair and/or replacement of their Class Laptops. Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial, when the same has been ascertained.

99.    In addition, Plaintiff and the members of the Minnesota Subclass seek reasonable attorneys' fees. Plaintiff also seek a declaratory judgment that the Defect must be repaired at Defendant's expense.

**Count II**
**Violation of the Minnesota Deceptive Trade Practices Act,**
**("MDTPA")**
**Minn. Stat. § 325D.43 *et seq.***
**(asserted on behalf of the Minnesota Subclass)**

100.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

101.    The MDTPA prohibits deceptive trade practices in the course of business, specifically:

> (5) represent[ing] that goods or services have . . . characteristics, . . . uses, benefits, or quantities that they do not have                    .            .            .
> (7) represent[ing] that goods or services are of a particular standard, quality, or grade . . . if they are of another . . .
> (13) engag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. Minn. Stat. § 325D.44(1)

102.    Lenovo's practices described herein constitute deceptive trade practices under these provisions of the MDTPA, and Lenovo has violated the MDTPA by engaging in the practices described herein.

103.    Defendant misrepresented and/or knowingly and intentionally concealed material facts concerning the characteristics, uses, and quality of the Class Laptops, and thereby created confusion among purchasers of the Class Laptops.

104.    Contrary to Defendant's representations, the Flex 5 and Yoga 730 were not precisely designed, premium computers, and they could not be used in the manner shown in Defendant's marketing material—*i.e.*, as a 2-in-1 laptop possessing a monitor capable

of folding into various positions—without triggering the Defect and becoming largely or wholly unusable.

105.    These misrepresentations and/or omissions led Plaintiff and the Minnesota Subclass members to believe that they were purchasing fully functional, premium 2-in-1 laptop computers, when in fact they purchased laptops that would cease to function properly if used as advertised.

106.    Plaintiff and members of the Minnesota Subclass were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose, including but not limited to, the representations about the Class Laptops' quality, design, monitor movement capabilities, and display quality.

107.    Plaintiff and the members of the Minnesota Subclass are entitled to recover actual,   statutory, and all other damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.

108.    Plaintiff and the members of the Minnesota Subclass seek restitution of all monies that Lenovo received as a result of selling the defective Class Laptops to Plaintiff and the members of the Minnesota Subclass. As a result of this deception, Plaintiff and the members of the Minnesota Subclass expended substantial sums of money and time for the repair and/or replacement of their Class Laptops. Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial, when the same has been ascertained.

## Count III
### Violation of the Minnesota Unlawful Trade Practices Act
### ("MUTPA")
### Minn. Stat. § 325D.09 *et seq.*
### (asserted on behalf of the Minnesota Subclass)

109.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

110.    The MUTPA states that "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality . . . of such merchandise." Minn. Stat. § 325D.13.

111.    As described herein, Lenovo regularly and pervasively misrepresented the Flex 5 and Yoga 730 laptops in its marketing materials.

112.    Lenovo has violated the MUTPA by engaging in the false, misleading, and deceptive practices described herein.

113.    Plaintiff and members of the Minnesota Subclass have been injured and have suffered economic damages from these unlawful practices.

114.    Pursuant to Minn. Stat. § 325D.15 and Minn. Stat. § 8.31, subd. 3a, Plaintiff and the Minnesota Subclass are entitled to relief for Lenovo's violations of the MUTPA, including: (1) an order enjoining Lenovo from continuing to issue the misrepresentations described herein; (2) damages; (3) restitution and other equitable remedies; and (4) an award of costs and reasonable attorneys' fees.

## Count IV
### Violation of the Minnesota False Statements in
### Advertising Act ("MFSAA")
### Minn. Stat. § 325F.67
### (asserted on behalf of the Minnesota Subclass)

115.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

116.    The MFSAA prohibits any advertisement that "contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading ... whether or not pecuniary or other specific damage to any person occurs as a direct result thereof." Minn. Stat. § 325F.67.

117.    As described herein, Lenovo regularly and pervasively advertised the Flex 5 and Yoga 730 laptops as premium, fully functional 2-in-1 laptop computers possessing monitors capable of moving in various positions, while in fact those computers would cease to function properly if used as advertised.

118.    Plaintiff and members of the Minnesota Subclass were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose, including but not limited to, the representations about the Class Laptops' quality, design, monitor movement capabilities, and display quality.

119.    Defendant's statements regarding the purported quality and functionality of the Class Laptops were material to prospective purchasers, and were untrue, deceptive, and misleading.

120.    Lenovo has violated the MFSAA by engaging in this false advertising scheme described herein.

121.    Plaintiff and the Minnesota Subclass members have been injured and have suffered economic damages from Lenovo's false advertising scheme.

122.    Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiff and the Minnesota Subclass members are entitled to relief for Lenovo's violations of the MFSAA, including: (1) an order enjoining Lenovo from continuing to engage in the scheme described herein; (2) damages; (3) restitution and other equitable remedies; and (4) recovery of their costs and reasonable attorneys' fees.

<u>**Count V**</u>
**Minnesota's Private Attorney General Statute**
**Minn. Stat. § 8.31 *et seq*.**
**(asserted on behalf of the Minnesota Subclass)**

123.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

124.    Minnesota's Private Attorney General Statute, Minn. Stat. § 8.31, provides that any consumer injured by "unlawful practices in business, commerce, or trade," or any violation of the MUTPA, the MFSAA "and other laws against false or fraudulent advertising," or the MPCFA, "may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court."

125.    Plaintiff and the Minnesota Subclass members are consumers.

126.    Plaintiff and the Minnesota Subclass members were injured by Defendant's sale of misrepresented merchandise, false advertising, unfair trade practices, and other misrepresentations, omissions and deceptive practices.

127.    Defendant's behavior complained of herein violated the MUTPA, the MFSAA, the MPCFA, and other laws regarding unlawful practices in business, commerce, or trade.

128.    Plaintiff and the Minnesota Subclass members have suffered damages with a causal nexus to Defendant's above-alleged misrepresentations, omissions and deceptive practices.

129.    This action will benefit the public interest and therefore meets the requirements of Minnesota's Private Attorney General Statute.

### Count VI
**Breach of Express Warranty**
**Magnuson-Moss Warranty Act**
**(Asserted on behalf of the Nationwide Class)**

130.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

131.    Plaintiff brings this claim on behalf of himself and the Nationwide Class.

132.    The Class Laptops are "consumer products" as defined in 15 U.S.C. § 2301(1).

133.    Plaintiff and Nationwide Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

134.    Lenovo is a "supplier" and "warrantor" as defined in 15 U.S.C. §§ 2301(4) and (5).

135.    Lenovo provided Plaintiff and Nationwide Class Members with "written warranties" within the meaning of 15 U.S.C. § 2301(6).

136.    Lenovo has breached its express warranties by refusing to honor the express warranty to replace or repair, free of charge, any defective component, including the hardware causing the Defect.

137.    At the time Class Laptops were sold, Lenovo knew that they possessed the Defect and offered an express warranty with no intention of honoring said warranty with respect to the known Defect.

138.    Additionally, pursuant to 15 U.S.C. § 2304(d)(1):

> the warrantor may not assess the consumer for any costs the warrantor or his representatives incur in connection with the required remedy of a warranted product . . . [I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against the warrantor.

139.    At no time has Lenovo offered a permanent or adequate repair or replacement of the hardware causing the Defect that would permanently prevent manifestation of the Defect. Despite repeated demands by Plaintiff and Nationwide Class Members that Lenovo pay the costs and incidental expenses associated with temporarily "fixing" the Defect, Lenovo has refused to do so. Lenovo's refusal to provide a permanent repair or replacement for the Defect and to pay for the temporary "fixes" violates 15 U.S.C. § 2304(d)(1).

140.    Lenovo was notified of its breach of warranty and afforded a reasonable opportunity to cure its breach of the express warranty but failed to do so despite Plaintiff's multiple requests.

141.    As a direct and proximate result of Lenovo's breach of its express written warranties, Plaintiff and Nationwide Class Members have been damaged in an amount to be proven at trial.

### Count VII
### Breach of Implied Warranty
### Magnuson-Moss Warranty Act
### (Asserted on behalf of the Nationwide Class)

142.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

143.    Plaintiff and Nationwide Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

144.    Defendant Lenovo is a "supplier" and "warrantor" as defined in 15 U.S.C. §§ 2301(4) and (5).

145.    The Class Laptops are "consumer products" as defined in 15 U.S.C. § 2301(1).

146.    Lenovo extended an implied warranty to Plaintiff and Nationwide Class Members by operation of 15 U.S.C. § 2301(7), and this implied warranty covers defects in its Class Laptops, including the hardware causing the Defect.

147.    Lenovo breached this implied warranty by selling/leasing defective Class Laptops that were neither merchantable nor fit for their intended purpose.

148.    As a direct and proximate result of Lenovo's breach of the implied warranty under the Magnuson-Moss Act, Plaintiff, and the Nationwide Class, have been damaged in an amount to be proven at trial.

### Count VIII
### Breach of Implied Warranty
**(Asserted on Behalf of the Minnesota Subclass and Nationwide Class)**

149.   Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

150.   A warranty that the Class Laptops were in merchantable condition is implied by law.

151.   These Class Laptops, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which laptops are used.  Specifically, the Class Laptops are inherently defective in that there are defects in the Class Laptops' screens, which are not of high quality, and which fail prematurely and/or fail to function properly.

152.   Defendant was provided notice of these issues by numerous informal and formal complaints filed against it, including the instant Complaint and the various complaints detailed herein, and by numerous communications sent by Plaintiff and other Class members.

153.   As a direct and proximate result of Defendant's breach of the warranties of merchantability, Plaintiff and the other Class members have been damaged in an amount to be proven at trial.

### Count IX
### Breach of Express Warranty
**(Asserted on Behalf of the Minnesota Subclass and Nationwide Class)**

154.   Plaintiff and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

155.    Defendant expressly warranted that the Class Laptops were of high quality
and, at a minimum, would actually work properly. Defendant also expressly warranted
that it would repair and/or replace defects in material and/or workmanship free of charge
that occurred during the Limited Warranty.

156.    Defendants breached these warranties by selling to Plaintiff and Class
members the Class Laptops with known problems, which are not of high quality, and
which fail prematurely and/or fail to function properly.

157.    As a result of the Defendants' actions, Plaintiff and Class members
have suffered economic damages including but not limited to costly repairs, loss of
vehicle use, substantial loss in value and resale value of the Laptops, and other
related damage.

158.    Defendant's attempt to disclaim or limit its express warranties vis-
à-vis consumers is unconscionable and unenforceable under the circumstances
here. Specifically, Defendant's warranty limitations are unenforceable because
they knowingly sold a defective product without informing consumers about the
manufacturing and/or material defect.  Furthermore, Defendant continues to charge
Class members for repairing the defective screens – if it repairs them at all --
when in fact such repairs are actually necessitated because of Defendant's
defective product.

159.    The time limits contained in Defendant's warranty periods were also
unconscionable and inadequate to protect Plaintiff and members of the Class.

160.    Among other things, Plaintiff and Class members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendant.

161.    A gross disparity in bargaining power existed between Lenovo and Class members, and Lenovo knew or should have known that the Class Laptops were defective at the time of sale and would fail well before their useful lives.

162.    Plaintiff and Class members have complied with all obligations under the warranties, or otherwise have been excused from performance of said obligations as a result of Defendants' conduct described herein.

**Count X**
**Unjust Enrichment/Restitution**
**(Asserted on behalf of the Nationwide Class)**

163.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

164.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs, and asserts a claim for unjust enrichment on behalf of the Nationwide Class.

165.    Lenovo has been unjustly enriched as a result of the conduct described in this Complaint.

166.    Lenovo received a benefit from Plaintiff and other members of the Nationwide Class in the form of payment for products purchased on Lenovo's website.

167.    Retention of these benefits by Lenovo would be unjust and inequitable because Lenovo received these benefits by engaging in a false, deceptive, and misleading

scheme to market the Flex 5 and Yoga 730 as premium, fully functional 2-in-1 laptop computers, and by engaging in the unlawful, unjust, and wrongful acts and practices described in this Complaint.

168.    The benefits (or at least some portion the benefits) that Lenovo received were not legitimately earned, and came at the expense of Plaintiff and the other members of the Nationwide Class.

169.    Lenovo knows that its scheme is unjust, inequitable, and wrongful, but systematically engages in this scheme anyway in order to gain unfair advantages and reap unearned financial benefits.

170.    Lenovo is guilty of malice, oppression, and/or fraud through its willful and conscious disregard for the rights of Plaintiff and other Nationwide Class members.

171.    Plaintiff and the Nationwide Class are entitled to restitution and disgorgement of all amounts unjustly retained by Lenovo, as well as other appropriate relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Entering judgment in favor of Plaintiff against Defendant;

B. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

C. Appointment of Plaintiff as Class Representative for the Class;

D. Appointment of Plaintiff's counsel as Class Counsel;

E.  A declaration that Lenovo violated the Minnesota statutes that form the basis for Plaintiff's primary statutory claims;

F.  A declaration that Lenovo was unjustly enriched by its conduct as described herein;

G.  Monetary damages;

H.  Statutory damages in the alternative;

I.  Restitution;

J.  Disgorgement of all monies received by Lenovo as a result of the unlawful, unjust, unfair, and deceptive acts and practices described herein;

K.  Penalties as provided by law;

L.  Treble damages;

M.  A permanent injunction enjoining Lenovo from continuing the unlawful, unjust, unfair, and deceptive acts and practices described herein;

N.  Pre-judgment and post-judgment interest;

O.  Reasonable attorneys' fees and expenses; and

P.  Such other further relief that the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 17, 2019                          Respectfully submitted,

                                                 **Gustafson Gluek PLLC**

                                                 */s/ David A. Goodwin*
                                                 David A. Goodwin (#386715)
                                                 Daniel E. Gustafson (#202241)
                                                 Daniel C. Hedlund (#258337)
                                                 Mickey L. Stevens (#398549)
                                                 120 South Sixth Street, Suite 2600
                                                 Minneapolis, MN 55402
                                                 Tel: (612) 333-8844
                                                 Fax: (612) 339-6622
                                                 E-mail: dgoodwin@gustafsongluek.com
                                                         dgustafson@gustafsongluek.com
                                                         dhedlund@gustafsongluek.com
                                                         mstevens@gustafsongluek.com

                                                 Nicholas A. Migliaccio *
                                                 Jason S. Rathod *
                                                 Esfand Nafisi*
                                                 **Migliaccio & Rathod LLP**
                                                 412 H St., NE
                                                 Washington, DC 20002
                                                 (202) 470-3520 (Tel.)
                                                 (202) 800-2730 (Fax)
                                                 E-mail: nmigliaccio@classlawdc.com
                                                         jrathod@classlawdc.com
                                                         enafisi@classlawdc.com

                                                 Kevin Landau*
                                                 Evan Rosin*
                                                 **Taus, Cebulash & Landau, LLP**
                                                 80 Maiden Lane, Suite 1204
                                                 New York, New York 10038
                                                 Tel: (646) 873-7654
                                                 Fax: (212) 931-0703
                                                 E-mail: klandau@tcllaw.com
                                                         Erosin@tcllaw.com

                                                 *Attorneys for Plaintiff*
                                                 * pro hac vice admission to be sought