UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Gisairo, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Lenovo (United States), Inc.,<br><br>Defendant. | Civil Case No. 19-cv-2727 (WMW/LIB)<br><br>**AMENDED PROTECTIVE ORDER** |

Upon consideration of the parties' Amended Stipulation for Protective Order [Docket No. 81], as slightly modified by the Court pursuant to its inherent authority to manage the cases that are pending before the Court,

**IT IS HEREBY ORDERED THAT**:

**1.    Definitions.**

As used in this Protective Order:

    (a)    "Action" means *Gisairo v. Lenovo (United States) Inc.*, Case No 19-cv-02727-WMW-LIB, pending in the United States District Court for the District of Minnesota;

    (b)    "Attorney" means an attorney who has appeared in this action;

    (c)    "Challenging Party" means a Party or Non-Party that challenges the designation of Documents or other information or items under this Protective Order;

    (d)    "Claims Administrator" means the Claims Administrator chosen by Defendant to oversee the administration of the claims process;

(e) "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as follows: confidential research, pricing, development, technical, financial, or commercial information or personal-identifying information, or other such information that satisfies the criteria imposed by Federal Rule of Civil Procedure 26(c)(1)(G). Any Party or Non-Party (the "Designating Party") may designate as "Confidential" any Document, information contained in a Document, information revealed during a deposition, or information revealed in an interrogatory answer or any other discovery response that contains Confidential Information that they produced or that was produced by a Non-Party but contains Confidential information relating to the Designating Party;

(f) "Designated Material" means any disclosure or discovery material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only;"

(g) "Designating Party" means the Party or Non-Party that designates Documents that it produces in disclosures or in responses to discovery, or documents produced by a Non-Party in response to a subpoena or otherwise, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only;"

(h) to "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(i) "Disclosure or Discovery Material" means all documents, items, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are

2

produced or generated in disclosures or responses to discovery, in furtherance of Rule 26, in connection with settlement negotiations and/or mediation, or in any other manner in this matter;

(j) "Document" means information disclosed or produced in discovery, including at a deposition;

(k) "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Attorney to serve as a testifying expert witness or as a consultant in connection with this action; and (2) is not a current employee of a Party's competitor;

(l) "Highly Confidential – Attorneys' Eyes Only" means extremely sensitive Confidential Documents, information, or items, (regardless of how it is generated, stored or maintained) disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means. This type of information and items include, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the party if such information were to be disclosed. Any Party or Non-Party (the "Designating Party") may designate as "Highly Confidential – Attorneys' Eyes Only" any Document, information contained in a Document, information revealed during a deposition or information revealed in an interrogatory answer or any other discovery response that contains "Highly Confidential – Attorneys' Eyes Only" Documents that they produced or that was produced by a Non-Party but contains "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" Information relating to the Designating Party;

(m) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action;

(n) "Notice" or "Notify" means written notice;

(o) "Party" means a party to this action including all of its officers, directors, employees, consultants, retained experts, and Attorneys (and their support staffs);

(p) "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

(q) "Protected Document" means a Document protected by a privilege or the work-product doctrine; and

(r) "Receiving Party" means a Party that receives disclosure or discovery material from a Producing Party.

**2.   Scope.**

The protections conferred by this Protective Order cover not only Designated Material (as defined above), but also (1) any information copied or extracted from such Designated Material; (2) all copies, excerpts, summaries, or compilations of such Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Attorney that might reveal Designated Material.  This Protective Order does not restrict the disclosure or use of any information or Documents lawfully obtained by any Receiving Party through means or sources outside of this action. This  Protective Order shall not limit or restrict a Receiving Party's use of

information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as Designated Material in this action and that the Receiving Party is not otherwise obligated to treat as Confidential or Highly Confidential – Attorneys' Eyes Only; (ii) was obtained without any benefit or use of Designated Material from a Non-Party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Designating Party's Designated Material; or (iv) has been published to the general public.

Any use of Designated Material at trial shall be governed by the orders of the trial court. This Protective Order does not govern the use of Designated Material at trial.

3.  **Designating Discovery Material or Deposition Testimony as Confidential and Highly Confidential – Attorneys' Eyes Only.**

    (a)  Any Party or Non-Party can designate documents, information, or other items as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Protective Order

    (b)  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 3(c) (below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Protective Order requires:

    (1)  <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "Confidential" or "Highly Confidential –Attorneys' Eyes Only (hereinafter "Confidential legend"), to each page that contains Designated Material.

A Party or Non-Party that makes original Documents available for inspection need not designate them for protection until after the inspecting Party has indicated which Documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the Documents, it wants copied and produced, the Producing Party must determine which Documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified Documents, the Producing Party must affix the appropriate "Confidential legend" to each page that contains Designated Material.

(2) <u>For testimony given in depositions or in other pretrial or trial proceedings</u>, the Designating Party may identify the Disclosure or Discovery Material that constitutes Designated Material on the record before the close of the deposition, including the level of protecting being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to designate all or part of the deposition as "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" within thirty (30) days after receipt of the deposition transcript. During the 30-day period following receipt of the deposition transcript, it shall be treated as Designated Material unless otherwise agreed to by the Parties. The originals and all copies of the deposition transcript must bear the appropriate "Confidential legend."

If only portions of the deposition are designed at "Confidential" or "Highly Confidential – Attorneys' Eyes Only, the transcript for such deposition shall include the appropriate "Confidential legend" on the title page and notation that the transcript contains Designated Material, and the title page shall be followed by a list of all pages that have been designated as Designated Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

If a witness is expected to testify as to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, a Party or Non-Party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential or Highly Confidential – Attorneys' Eyes-Only Documents.

(3) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate "Confidential legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent

7

practicable, shall identify the protected portion(s).

(4) <u>Inadvertent Failures to Designate.</u> The inadvertent production by any Party of any qualified information without a "Confidential legend" shall be without prejudice to any claim that such material should be treated as Designated Material and such Party shall not be held to have waived any rights by such production or disclosure. A Party or Non-Party who discloses or produces a Confidential Document not designated as Confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the Document designated as Confidential. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

(5) <u>Documents and Information Produced by a Non-Party.</u> When a Non-Party produces documents or other information, whether in response to a subpoena or otherwise, the Parties shall treat such information as if it was designated as Confidential for thirty (30) days, regardless of whether the Non-Party designates such documents or information as Confidential. During such time, any Party can itself designate such documents or other information as Confidential or Highly Confidential – Attorneys' Eyes Only by notifying all other Parties, in writing, of such designation. Upon the expiration of the thirty (30) days, any documents not so designated shall no longer be treated as Confidential.

For the avoidance of doubt, in no case shall a document or other information

ever be afforded less protection than the level designated by the producing Non-Party. Accordingly, if a Non-Party designated a document or other information as Confidential or Highly Confidential – Attorneys' Eyes Only, it shall maintain such designation.

4. **Who May Receive Designated Material.**

(a)   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents, information, or items may be used only in this action.

(b)   <u>Disclosure of "Confidential" Documents, information, or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

  (1)   the court and its staff;

  (2)   an Attorney or an Attorney's partner, associate, or staff;

  (3)   a person shown on the face of the Confidential Document to have authored or received it;

  (4)   a court reporter or videographer retained in connect with this action who has signed the Acknowledgment and Agreement to Be Bound ("Acknowledgment") (Exhibit A);

  (5)   a Party (subject to Paragraph 4(c);

  (6)   any person, including mediators or settlement officers (and their supporting personnel), Experts, professional jury consultants, mock jurors, the Claims Administrator, and Professional Vendors to whom disclosure is reasonably necessary for this Action, who:

    (A)   is retained to assist a Party or Attorney with this action; and

        (B)    signs the Acknowledgment (Exhibit A).

(c)    <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Documents, Information, or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any document, information, or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(1)    the court and its staff;

(2)    an Attorney or an Attorney's partner, associate, or staff;

(3)    a person shown on the face of the Highly Confidential – Attorneys' Eyes Only Document to have authored or received it;

(4)    a court reporter or videographer retained in connect with this action who has signed the Acknowledgment (Exhibit A);

(5)    any person, including mediators or settlement officers (and their supporting personnel), Experts, professional jury consultants, mock jurors, the Claims Administrator, and Professional Vendors to whom disclosure is reasonably necessary for this Action, who:

        (A)    is retained to assist a Party or Attorney with this action; and

        (B)    signs the Acknowledgment (Exhibit A).

**5.**    **Serving This Protective Order on a Non-Party.**

A Party serving a subpoena on a Non-Party must simultaneously serve a copy of this Protective Order and of Local Rule 5.6, which governs the filing of Documents under seal, including those that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

**6.     Unauthorized Disclosure of Designated Materials.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Acknowledgment that is attached as Exhibit A.

**7.     Inadvertent Production of Irrelevant, Non-Responsive, Privileged, or Otherwise Protected Material.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is irrelevant, non-responsive, or subject to a claim of privilege or other protection (including but not limited to the inadvertent production of material that should have been designated under this Protective Order), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) with respect to claims of privilege or similar protection and, with respect to all other inadvertently produced material, the Producing Party shall notify the Receiving Party of the inadvertent production within 7 days of the discovery of the error and produce a copy of the Document designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  The Receiving Party shall then immediately destroy all copies of the inadvertently produced material.

With respect to privileged material, this provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the court.

**8.      Use of Designated Materials in Court.**

If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.** Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary

and problematic filing of excessive documents under seal.  This Protective Order does <u>not</u> itself authorize the filing of <u>any</u> document under seal.

**9.      Changing a Designation on Designated Material.**

    (a)      <u>Designated Material disclosed or produced by a Party</u>.  Confidential or Highly Confidential – Attorneys' Eyes Only material disclosed or produced by a Party remains Confidential or Highly Confidential – Attorneys' Eyes Only unless the Parties agree to change its designation or the court orders otherwise.

    (b)      <u>Designated Material produced by a Non-Party</u>.  Confidential or Highly Confidential – Attorneys' Eyes Only material produced by a Non-Party remains Confidential or Highly Confidential – Attorneys' Eyes Only unless the Non-Party agrees to change its designation or the court orders otherwise after providing an opportunity for the Non-Party to be heard.

Documents or other information produced by a Non-Party with no confidentiality designation shall be treated by the Parties as if it had been designed Confidential for thirty (30) days pursuant to Section 3(b)(5) above.  During such time, any Party can designate these documents or other information as Confidential or Highly Confidential – Attorneys' Eyes Only by notifying all other Parties, in writing. At the expiration of this thirty (30) day period, any documents not so designated shall no longer be treated as Confidential.  For the avoidance of doubt, in no case shall a document or other information ever be afforded less protection than the level designated by the producing Non-Party.  Accordingly, if a Non-Party designated a

document or other information as Confidential or Highly Confidential – Attorneys' Eyes Only, it shall maintain such designation.

(c) <u>Changing a designation by court order</u>.  A Party who cannot obtain agreement to change a designation may move the court for an order changing the designation pursuant to Section 10 herein.

10. **Challenging a Designation on Designated Material.**

(a) <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of Confidential or Highly Confidential – Attorneys' Eyes Only at any time that is consistent with the Court's Scheduling Order.

(b) <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rules 7.1 and 37.1.  As part of that meeting-and-conferring, the Designating Party must assess whether designation of a portion of the material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is a viable alternative to designation of the entire Document.

(c) <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the designation as Confidential or Highly Confidential – Attorneys' Eyes Only, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

    (d)    <u>Resolution of Challenges to Designations</u>. No Party to this action is obliged to challenge the protected status of any Document or testimony at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Requesting Party challenges any designation by a Designating Party of any Document or testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, such Party shall consult in good faith with the Designating Party in an effort to resolve the matter on an informal basis and shall specifically identify the challenged document(s) by Bates number and the reasons that Party believes the documents are not Confidential or Highly Confidential – Attorneys' Eyes Only. In the event no agreement is reached, the Designating Party shall have ten (10) days to move for an order prohibiting disclosure of the disputed material other than as permitted by this Protective Order.  The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.  The Designating Party shall identify (with as much specificity as is practicable) the Document or testimony that the Designating Party contends is entitled to protection.  Any Document or testimony as to which such a motion is made shall continue to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only information until the Court renders a decision or the motion is otherwise resolved.

11. **Handling Designated Material after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each Party must:

        (1)    return or destroy all Designated Material; and

  (2) notify the Disclosing or Producing Party that it has returned or destroyed all Designated Material within the 60-day period.

 (b) Notwithstanding paragraph 11(a), each Attorney may retain a file copy of Designated Material, including but not limited to any Confidential or Highly Confidential – Attorneys' Eyes Only Documents submitted to the court.

**11.** **Survival of Obligations.**

The obligations imposed by this Protective Order survive the termination of this action.

**12.** **Violations of this Protective Order.**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED: February 25, 2022      s/Leo I. Brisbois
                   Hon. Leo I. Brisbois
                   U.S. MAGISTRATE JUDGE

**EXHIBIT A TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby declares that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Minnesota in the case of *Gisairo v. Lenovo (United States) Inc.*, Case No. 19-cv-02727-WMW-LIB.  The undersigned agrees to comply with and to be bound by all the terms of this Protective Order.

By signing this agreement, the undersigned solemnly promises that he/she will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing the terms of this Protective Order .

Name: _____

Business Address: _____

_____

_____

Date: _____

Printed Name: _____

Signature: _____