# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTIN GISAIRO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES), INC.,<br><br>        Defendant. | Civil Case No.:<br>19-cv-02727-WMW-LIB<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND PROVISIONAL SETTLEMENT CLASS CERTIFICATION** |

## I.   INTRODUCTION

The Plaintiffs are pleased to announce that they have reached a proposed

settlement of this consumer class action in which Plaintiffs allege that the

Settlement Class Laptops[1] suffer from flickering, freezing, blacking out, and/or

---

[1] The Class Laptops are defined as follows: (a)All Lenovo Yoga 730 laptop computer machine types 81CT, 81CU, and 81JS, purchased in the United States from date of first production (January 26, 2018) to the date of Preliminary Approval and provisional certification of the Settlement Class, excluding any laptop computers that were manufactured after June 19, 2019; (b) All Lenovo Flex 5 laptop computer machine type 81CA, purchased in the United States from date of first production (August 14, 2017) to the date Preliminary Approval and provisional certification of the Settlement Class, excluding any laptop computers that were manufactured after June 19, 2019; (c)All Lenovo Flex 5 laptop computer machine types 80XB, 80XA, and 81C9, purchased in the United States from date

non-physical breakage of the Class Laptops' display (e.g., a grey screen marked by vertical lines) during ordinary use of the Class Laptops (the "Display Defect").[2] Under the Settlement, Class Members will receive a range of benefits, namely: (1) free repairs within three years after the manufacture date of the Class Member's Class Laptop, within 180 days after the date of Final Approval, or within 180 days after the date of the first in-warranty repair to remedy the Display Defect before the Effective Date of the Settlement Agreement, whichever is later; (2) $100.00; or (3) the lesser of the amount spent on repairing the Display Defect or $100.00.

The Settlement provides substantial benefits to Class Members. Therefore, Plaintiffs respectfully request that this Court grant their Unopposed Motion for Preliminary Approval of the Class Action Settlement. Granting the motion will allow the parties to proceed with the notice plan outlined by the Settlement, which in turn will allow Class Members to begin responding to and taking part in the Settlement during the months leading up to a final fairness hearing.

## II.   FACTUAL BACKGROUND

---

of first production (March 9, 2017) to the date of Preliminary Approval and provisional certification of the Settlement Class. (d) Excluded from the definition of Class Laptops are laptop computers that were repaired through Lenovo's warranty with no cost to the purchaser and which no longer possess the Display Defect (as defined herein).

[2] The capitalized terms used in this Memorandum are defined in Section I of the Settlement Agreement. The Settlement Agreement and its exhibits are attached as Exhibit 1 to the Declaration of Nicholas A. Migliaccio.

### a. Plaintiffs' Allegations and Pre-Litigation Investigation

After extensive pre-suit investigation, Plaintiff Gisairo filed his putative class action, *Gisairo et al. v. Lenovo (United States) Inc.*, Civil Action No. 19-cv-2727 in the District of Minnesota on October 17, 2019 (the "Gisairo Action"). (ECF No. 1.). On August 28, 2020, Plaintiffs Anthony MacKay, Arion Robinson, Aziz Khetani, Doug LaMarca, John Irvine, Nicolas Urquiza, Patrick Eckert, and Ye Wang filed a parallel putative class action, *MacKay et al. v. Lenovo (United States) Inc.*, Civil Action No. 20-1149-RGA in the District of Delaware (the "MacKay Action"). Plaintiffs in both actions allege that Lenovo knew of a material defect in the routing of the embedded DisplayPort Cable of the Class Laptops that caused the Display Defect but failed to disclose the defect at the point of sale.

The named Plaintiffs in the Gisairo Action and MacKay Action are residents of California, Georgia, Massachusetts, Michigan, New Jersey, Pennsylvania, New York, and Washington. These Plaintiffs purchased Class Laptops and, subsequently, each Plaintiff experienced the Display Defect. The *Gisairo* Action complaints sought certification of a Nationwide Class and certification of a Minnesota sub-class. (ECF No. 30). The *MacKay* Action complaint sought certification of a Nationwide Class as well as certification for subclasses composed of residents of Georgia, Massachusetts, Minnesota, New Jersey, Pennsylvania, New York, and Washington.

The *Gisairo* Action complaint asserted the following claims: Minnesota Prevention of Consumer Fraud Act, Minnesota Deceptive Trade Practices Act, Minnesota Unlawful Trade Practices Act, Minnesota False Statements in Advertising Act, Minnesota Private Attorney General Statute, Magnuson-Moss Warranty Act, common law breach of express and implied warranty, unjust enrichment (ECF No. 30).

The *Mackay* Action complaint asserted the following claims: Song-Beverly Consumer Warranty Act, California Unfair Competition Law, Georgia Fair Business Practices Act, Massachusetts Consumer Protection Law, Michigan Consumer Protection Act, New Jersey Consumer Fraud Act, New York General Business Law §§ 349 & 350, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Washington Consumer Protection Act, Breach of Implied Warranty, Breach of Express Warranty, and Unjust Enrichment.

Plaintiffs alleged that the Display Defect stems from the routing of the embedded DisplayPort cable, which carries visual information from the motherboard to the Class Laptops' screens. (ECF No. 30). Specifically, Plaintiffs explain that poor routing of the cable renders it susceptible to loosening from ordinary use. *Id.* This, in turn, disrupts the screen's display. *Id.*

**b. History of the Litigation**

7

Plaintiff Gisairo filed his putative class action, *Gisairo et al. v. Lenovo (United States) Inc*., Civil Action No. 19-cv-2727 in the District of Minnesota on October 17, 2019. (ECF No. 1). Defendant filed a motion to dismiss, and Plaintiff filed an Amended Complaint as of right (ECF Nos. 25, 30). Lenovo filed a second motion to dismiss which Plaintiff opposed (ECF Nos. 35, 37). The Court entered an order granting in part and denying Lenovo's motion. (ECF No. 45). Specifically, the Court granted Lenovo's motion to dismiss with respect to Mr. Gisairo's Minnesota statutory consumer protection claims, breach of express warranty claims, and unjust enrichment claims, but denied Lenovo's motion with respect to Mr. Gisairo's breach of implied warranty claims under Minnesota state law and nationwide claim under the Magnuson-Moss Warranty Act. (*Id*.). The Court also denied Lenovo's challenge to Plaintiff's standing to represent putative class members who purchased Yoga 730 laptops, deferring that question until the class- certification stage. (*Id*.). The Court did not dismiss any claims with prejudice. (*Id*.).

Plaintiffs Anthony MacKay, Arion Robinson, Aziz Khetani, Doug LaMarca, John Irvine, Nicolas Urquiza, Patrick Eckert, and Ye Wang filed their putative class action, *MacKay et al. v. Lenovo (United States) Inc.*, Civil Action No. 20-1149-RGA in the District of Delaware on August 28, 2020. Lenovo filed a motion to dismiss, and the *Mackay* Plaintiffs filed an Amended Complaint as of right.

Lenovo subsequently filed a motion to dismiss. After the Parties came to a preliminary settlement agreement, the Mackay Action was stayed by mutual consent.

### c. Settlement

Counsel for the Parties discussed the possibility of resolving this litigation shortly after this Court's Order on Defendant's Motion to Dismiss the Amended Complaint. (ECF No. 45). The parties exchanged substantial pre-mediation discovery which allowed the Plaintiffs to adequately evaluate the claims and potential damages. The parties agreed to mediate with Magistrate Judge Keyes (ret.) on July 1, 2021. The parties had a total of three full days of mediation with Judge Keyes, which ultimately resulted in a class wide settlement. The terms of this settlement have since been memorialized in the Settlement Agreement. All of the terms of the Settlement Agreement are the result of extensive, adversarial, and arm's-length negotiations between experienced counsel on both sides.

### d. Second Amended Complaint

Plaintiffs are filing a concurrent Unopposed Motion for Filing of a Second Amended Complaint in this Court. This Second Amended Complaint is filed for settlement purposes and adds the plaintiffs identified in the *Mackay* Action to the *Gisairo* Action in order to consolidate proceedings and facilitate the administration

of the settlement. In addition, two further Class Representatives, Elina Sulimov and Rishav Aryal, are incorporated into the Second Amended Complaint.

### e.  Terms of the Settlement Agreement

Under the Settlement, Class Members will receive a range of benefits, namely: (1) free repairs within three years after the manufacture date of the Class Member's Class Laptop, within 180 days after the date of Final Approval, or within 180 days after the date of the first in-warranty repair to remedy the Display Defect before the Effective Date of the Settlement Agreement, whichever is later; (2) $100.00; or (3) the lesser of the amount spent on repairing the Display Defect or $100.00. Cash payments will be made by Rust Consulting (at the election of the claimant) either electronically, via check, or via prepaid debit card.

### f.  Notification to Class Members

The Settlement Agreement contains a comprehensive notice plan, which is to be paid for by Lenovo and administered by Rust Consulting. The notice plan is designed to reach 80% of the Class Members, and it is the best notice practicable. At this point, the Parties have provided sufficient information to Rust Consulting that it anticipates receiving sufficient class member data to send direct notice to at least 80% of the Class. Rust Decl. at 13 (Exhibit A). Notice will be primarily effectuated by direct notice to Class Members for whom the parties have contact information.  In order to identify as many Class Members as possible, Lenovo will

search reasonably accessible data it possesses, including its internal records, for Class Member contact information. This information will be used by Rust Consulting to notify Class Members. Class Members will have one hundred eighty (180) days from the Notice Date to submit a claim.

The Parties in this case have created and agreed to perform the following forms of notice, which will satisfy both the substantive and manner of distribution requirements of Rule 23 and due process. At a minimum, the Notice Program shall provide for direct mail and/or email notice to any Class Member for whom mailing addresses and/or email addresses can be obtained with reasonable effort from Lenovo; publication of the Summary Notice; and the dissemination of Long-Form Notice.

The Summary Notice shall be sent by the Claim Administrator to each Class Member via email. If an individual on the Class List does not have an email address, if the Summary Notice sent via email is returned as undeliverable, or if the Class Member has not filed a Claim within forty-five (45) days, the Claim Administrator shall send to those Class Members: (i) the Summary Notice; (ii) the Claim Form; and (iii) a return envelope with the address of the Claims Administrator.

Within fourteen (14) days of Preliminary Approval, the Long-Form Notice and Summary Notice shall be additionally made by publication, including online at

the settlement website operated by the Claims Administrator. In addition, the Summary Notice will be included on Lenovo's Community Forums.

Class Members wishing to opt out of the settlement or object shall do so within forty-five (45) days of the Notice Date.

At least fourteen (14) days prior to Final Approval, the Claims Administrator shall provide information to the Court, with a copy to Class Counsel and Defense Counsel, describing the Notice Program and confirming that notice was disseminated in a manner consistent with the terms of this Agreement, or those otherwise required by the Court.

In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Lenovo shall cause notice of this proposed Settlement to be sent to the Attorney General of the United States, and the attorneys general of each state in which a Class Member resides ("CAFA Notice"). Class Counsel will monitor the claims administration process to ensure that it is being effectuated in accordance with the Settlement Agreement.

### g.  The Release

In exchange for the foregoing—and subject to approval by the Court— Plaintiffs and Class Members who do not timely exclude themselves will be bound by a release applicable to all claims arising out of or relating to the Display Defect in the Class Laptops. The Released Claims will extend to Defendant and its related

entities and persons. The Released Claims will not, however, apply to any claims for death or personal injury. The Settlement will also result in the dismissal of this case with prejudice.

### h. Service Awards and Attorneys' Fees

Lenovo shall pay the following plaintiffs $2,000 each as a service award for the time and expenses each of them personally incurred in the prosecution of the Mackay and Gisairo Actions: Martin Gisairo, Anthony Mackay, Arion Robinson, Aziz Khetani, Doug Lamarca, John Irvine, Nicolas Urquiza, Patrick Eckert, Ye Wang, Rishav Aryal, and Elina Sulimov, subject to Court approval. Plaintiffs' counsel will seek up to $840,000 in attorneys' fees and expenses, subject to Court approval.

## III.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

### a. Applicable Legal Standard

#### 1. Fed. R. Civ. P. 23(e) Standard

Before a settlement of a class action can receive final approval, the Court must determine that it is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2). The Court must also "direct notice in a reasonable manner to all class members who would be bound by the proposal." *See* Fed. R. Civ. P. 23(e)(1).

"To make the determination, the district court must consider four factors: '(1) the merits of the plaintiff's case weighed against the terms of the settlement,

13

(2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quoting *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litig.*, 716 F.3d 1057 (8th Cir. 2013)). As one court has stated, the purpose of preliminary approval "is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). In the Eighth Circuit, "[a] settlement agreement is presumptively valid." *Uponor*, 716 F.3d at 1063 (internal quotations and citation omitted). "The court's role in reviewing a negotiated class settlement is to 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall*, 787 F.3d at 509.

Additionally, the 2018 amendments to the Rule 23(e)(2) of the Federal Rules of Civil Procedure added two additional factors for the Court to consider: adequate representation and arm's-length negotiation. *Swinton v. SquareTrade, Inc.*, No. 418CV00144SMRSBJ, 2019 WL 617791, at *5 (S.D. Iowa Feb. 14, 2019). The Advisory Committee Notes state that the "goal of this amendment is not to displace any factor [developed by federal courts], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the

14

decision whether to approve the proposal." *Id*. Thus, the above factors are considered in addition to factors enumerated in Marshall. *Id*.

As set forth below, the proposed Settlement in this case falls well within the range of possible approval, because it meets each of the requirements of substantive and procedural fairness. As such, there are no grounds to doubt the reasonableness of the Settlement.

### b. The Terms of the Proposed Settlement Are Fair, Reasonable, and Adequate When Considering the Uncertainty of Continued Litigation.

In assessing the merits of the plaintiff's case (and the defendant's defenses) against the terms of the settlement, district courts frequently consider whether the outcome in litigation "would be far from certain." *In re Wireless*, 393 F.3d at 933. Where the uncertainty of relief in litigation is outweighed by the more immediate benefit of the proposed settlement, it is a strong indication that the settlement is fair, reasonable, and adequate. *Id*.

Here, a preliminary review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. The Class Members will receive: (1) free repairs; (2) $100.00; or (3) the lesser of the amount spent on repairing the Display Defect or $100.00. The result is well within the reasonable standard, especially considering the difficulty and risks presented by pursuing further litigation.

15

Specifically, although Class Counsel are confident in the merits of Plaintiffs' claims, the certification of a consumer class action is difficult and heavily contested both throughout the country and within the Eighth Circuit. Furthermore, Lenovo continues to disclaim all liability in this matter. Plaintiffs in this case face significant risks if they proceed with litigation, including the looming possibility of a fiercely contested trial. The risks of establishing liability and proving damages, both of which require experts and extensive Daubert briefing, weigh strongly in favor of the proposed Settlement. In contrast to the uncertain outcome of litigation, the Settlement Agreement enables members of the Settlement Class to obtain a certain and immediate financial benefit without incurring the unnecessary risks of proceeding with litigation on contested and uncertain legal issues.

### c. Lenovo's Financial Condition Would Not Prevent it from Raising the Gross Settlement Amount.

As to the second factor—the defendant's financial condition—district courts must consider whether there is any indication that the defendant's current financial condition would preclude or prevent it from raising the gross settlement amount. *In re Wireless*, 393 F.3d at 933 (finding that "there is no indication that [the defendant's] financial condition would prevent it from raising the settlement amount").

There is no doubt that Lenovo has the financial resources to provide Class Laptop repairs and the financial consideration discussed above. Accordingly, this factor weighs in favor of preliminarily approving the Settlement.

**d. Continued Litigation of This Action Would be Expensive, Time Consuming, and Involves Substantial Risk.**

Where, in comparison to the proposed Settlement, proceeding with litigation would require a substantial amount of time to yield a benefit to the Class and would result in a large increase in Class Counsel's fees and costs, it is an indication that the proposed settlement is fair, reasonable, and adequate. *In re Wireless*, 393 F.3d at 933 ("barring settlement, this case would 'likely drag on for years, require the expenditure of millions of dollars, all the while class members would receive nothing'").

In the instant case, the complexity and expense of proceeding with litigation is clearly outweighed by the efficiency and financial relief presented by the Settlement Agreement. Litigating the class action claims in this action would require substantial additional preparation. Specifically, proceeding with litigation would require the submission of class certification, expert, and pre-trial briefing, trial preparation, participation in trial (including the presentation of percipient and expert witnesses at trial). Continued litigation would also require the consideration, preparation, and presentation of voluminous documentary evidence, the determination of how to allocate and distribute damages, and, potentially, the

submission of post-trial briefing or appeals. By contrast, resolving this case by means of an early settlement will yield a prompt, certain, and very substantial recovery for the Class. Accordingly, the proposed Settlement will benefit the parties and the court system.

### e. The Proposed Settlement is a Result of Adequate Representation and Arm's-Length Negotiation Between Parties.

It is well established that, in determining whether a proposed settlement should be preliminarily approved, courts may consider whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations." *In re Shell Oil Refinery*, 155 F.R.D. 552, 555 (E.D. La. Oct. 20, 1993) (quoting *Manual for Complex Litigation*, Second §30.44). Courts are to give considerable weight to the experience of the attorneys who litigated the case and participated in settlement negotiations. *See, e.g., Reed v. General Motors Corp*., 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiation at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried"); *In re Rent-Way Sec. Litig*., 305 F. Supp. 2d 491, 509 (W.D. Pa. Dec. 22, 2003) ("settlement negotiations took place at arms length between highly experience[d] and competent counsel. Their assessment of the settlement as fair and reasonable is entitled to considerable weight").

In this case, the proposed Settlement was reached after mediation and extensive arm's-length negotiations between counsel for the parties. Class Counsel

extensively investigated the applicable law as applied to the relevant facts discovered in this action and the potential defenses thereto prior to the mediation. This investigation included numerous interviews with Class Members and the exchange of key documents and analysis with Lenovo. The Settlement amount is based on an extensive review of the facts and law.

In reaching the proposed Settlement, Class Counsel relied on their substantial litigation experience in similar class actions in conjunction with a thorough analysis of the legal and factual issues presented in this case. The mediation was conducted by the Hon. Jeffrey Keyes, an experienced and respected mediator. In summary, the proposed Settlement Agreement was the product of careful factual and legal research and arm's-length negotiations between the parties.

Regarding adequacy of representation, Class Counsel are experienced and respected class action litigators. *See* Migliaccio & Rathod LLP Firm Resume (Exhibit B); Gustafson Gluek PLLC Firm Resume (Exhibit C); Taus, Cebulash & Landau, LLP Firm Resume (Exhibit D). Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believe this Settlement will provide a substantial benefit to the Settlement Class.

**f. The Court Should Not Consider the Amount of Opposition to the Settlement Until the Final Approval Hearing.**

19

Plaintiffs respectfully submit that the Court consider the amount of opposition to the Settlement at the final approval hearing. Notice must first be effectuated, and Class Members must be given the opportunity to object or opt out of the Settlement before the Court can properly consider this factor.

## IV.   THE COURT SHOULD CERTIFY THE CLASS FOR PURPOSES OF SETTLEMENT.

The Supreme Court and various circuit courts have recognized that the benefits of a proposed settlement of a class action can be realized only through the certification of a settlement class. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998). As such, Plaintiffs seek the conditional certification of the Settlement Class set forth above and in the Settlement Agreement.

"When asked to authorize distribution of a settlement notice to a proposed class that has not yet been certified, a court must determine whether it is likely to certify the class 'for purposes of judgment on the [settlement] proposal.'" *Swinton v. SquareTrade, Inc*., No. 4:18-144, 2019 WL 617791, at *9 (S.D. Iowa Feb. 14, 2019) (quoting Fed. R. Civ. P. 23(e)(1)(B)(ii)). "If a court determines certification is likely (and that it will likely approve the settlement proposal under Rule 23(e)(2)), it may authorize the distribution of notice. However, this does not amount to a preliminary or conditional certification of the class." *Id*. "The ultimate

decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement." *Id*.

In order to grant certification of a settlement class under Rule 23(a), the proposed class must satisfy the requirements of "numerosity, commonality, typicality, and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013). The proposed class must meet at least one of the three requirements of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33(2013). Each of the Rule 23 factors is satisfied and is discussed below.

### a. Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Eighth Circuit does not have a rule regarding the necessary size of classes. *Swinton*, 2019 WL 617791, at *10 (citing *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559–60 (8th Cir. 1982)). Classes with fewer than twenty members have been affirmed. *See, e.g., Ark. Educ. Ass'n V. Bd. of Educ.*, 446 F.2d 763, 765–66 (8th Cir. 1971). Here, there is little question that numerosity is satisfied as the Settlement Class includes thousands of laptop purchasers.

### b. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

349–50 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Commonality is satisfied when a legal question linking the class members is substantially related to the resolution of the litigation." *Pollard v. Remington Arms Co.*, LLC, 320 F.R.D. 198, 206 (W.D. Mo. 2017) (internal quotations and citation omitted). The Supreme Court has held that for purposes of commonality, "[e]ven a single [common] question' will do." *Dukes*, 564 U.S. at 359.

In this case, there are numerous common questions of law and fact, such as whether the Settlement Class Laptops suffer from a uniform design defect that causes them to experience the Display Defect; whether Lenovo had a duty to disclose this alleged defect to consumers;; and whether Plaintiffs have actionable claims. Commonality is, therefore, satisfied. *Pollard*, 320 F.R.D. at 206 (finding commonality satisfied because "each class member shares a claim that his/her firearm, which was manufactured by Defendants, is defective, and his/her firearm's value and utility is decreased due to the alleged defectiveness of the firearms").

### c. **Typicality**

Rule 23(a)(3) requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is 'fairly easily met so long as the other class members have claims similar to the named plaintiff.'" *Pollard*, 320 F.R.D. at 206 (quoting *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir.

1995)). When analyzing the typicality requirement, "[f]actual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc*., 84 F.3d 1525, 1540 (8th Cir. 1996).

Here, all of Plaintiffs' claims arise out of the same alleged conduct by Lenovo related to its design, manufacture and sale of the allegedly defective Settlement Class Laptops, as well as Lenovo's subsequent failure to disclose the alleged defect. See Pollard, 320 F.R.D. at 206 ("The named plaintiffs' claims are typical to the class members' claims because they all maintain Defendants manufactured defective firearms, and as a result, they are entitled to an economic recovery."). Typicality is thus established.

### d. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy centers on "whether (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562–63.

Here, the named Plaintiffs are adequate representatives for the Settlement Class because they each purchased one of the Settlement Class Laptops subject to the Settlement Agreement and were each allegedly injured in the same manner based on the same alleged defect. The named Plaintiffs have also actively participated in the litigation of this case and have been in regular communication with their attorneys regarding these proceedings. As such, the named Plaintiffs are adequate representatives for members of the Settlement Class. *See Swinton*, 2019 WL 617791, at *11 ("Here, Plaintiff alleges he suffered the same injuries as the rest of the class, and there is no indication that his interests somehow conflict with those of other class members. Notably, Plaintiff and other class members share the same objectives, and their claims arise from the same general factual position."); *In re Zurn Pex Plumbing Prod. Liab. Litig*., No. 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *4 (D. Minn. Feb. 27, 2013) (finding "the class representatives' interests are identical to those of absent class members, they seek the same form of relief, and they have demonstrated their commitment through their diligent litigation of this matter").

Class Counsel have invested considerable time and resources into the prosecution of this action. Class Counsel have a wealth of experience in litigating complex class action lawsuits and were able to negotiate a favorable settlement for the Settlement Class. Based on the results achieved here, and for the reasons set

forth in Plaintiffs' motion for the appointment of interim class counsel, the Court should appoint these attorneys as Class Counsel for the Settlement Class and determine that Rule 23(a)'s adequacy requirement is satisfied.

### e. Predominance and Superiority

Plaintiffs seek to certify the Class under Rule 23(b)(3), which has two components: predominance and superiority. When a class is being certified for settlement, the Court need only analyze the predominance of common questions of law and the superiority of class action for fairly and effectively resolving the controversy; it need not examine Rule 23(b)(3)(A–D) manageability issues, because it will not be managing a class action trial. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

First, to determine whether common issues of law and fact predominate, the Court analyzes whether "proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 623. "When assessing predominance under Rule 23(b)(3), courts must determine whether the common issues in the case are 'more prevalent or important' than the individual issues." *Swinton*, 2019 WL 617791, at *12 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016)). "[T]he court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs['] general allegations are true, common

evidence could suffice to make out a prima facie case for the class." *Blades v. Monsanto Co*., 400 F.3d 562, 566 (8th Cir. 2005).

Here, there are several common questions of law and fact that predominate over any questions that may affect individual Class Members. For example, were this case to proceed, the primary issue would be whether Defendant is liable for the distribution of Class Laptops with the Display Defect and for its alleged failure to disclose the Display Defect. This is an issue both subject to generalized proof and common to all class members. See *Pollard*, 320 F.R.D. at 207–08 (finding that the proposed classes were sufficiently cohesive and Rule 23(b)(3)'s predominance requirement was satisfied in a case involving allegedly defective firearms).

Second, the superiority requirement "asks whether the class action is the best available method for resolving the controversy." *Cullan & Cullan LLC v. M-Qube, Inc*., No. 8:13CV172, 2016 WL 5394684, at *6 (D. Neb. Sept. 27, 2016). The Court "must compare the possible alternatives to determine whether Rule 23 is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." 7AA Charles Alan Wright et al., Federal Practice and Procedure § 1779, 159–61 (3d ed. 2005).

The Settlement Agreement provides Class Members with prompt, predictable, and certain relief, and contains well-defined administrative procedures

to ensure due process. This includes the right of any Class Members who are dissatisfied with the Settlement to object to it or to exclude themselves. The Settlement also would relieve the substantial judicial burdens that would be caused by repeated adjudication of the same issues in thousands of individualized trials against Defendant. "[T]he settlement of the class members' claims avoids duplicative litigation, saving Plaintiffs and Defendants from expending resources to adjudicate common legal and factual issues." *Pollard*, 320 F.R.D. at 208.

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, certification of the proposed Settlement Class is appropriate.

## V.   THE PROPOSED NOTICE PROVIDES ADEQUATE NOTICE TO THE CLASS AND SATISFIES DUE PROCESS.

Under Federal Rule of Civil Procedure 23(e), class members who would be bound by a settlement are entitled to reasonable notice before the settlement is approved. See Fed. Jud. Ctr., Manual for Complex Litig. Fourth, § 30.212 (2004). And because Plaintiffs here seek certification of the Settlement Class under Rule 23(b)(3), "the Court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." *See In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:-08- md-01998, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (citing Fed. R. Civ. P. 23(c)(2)(B)). In order to satisfy these standards and "comport with the requirements of due process, notice must be

'reasonably calculated to reach interested parties.'" *Id.* at \*43 (quoting *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)); *DeBoer v. Mellon Mortgage Co*., 64 F.3d 1171, 1176 (8th Cir. 1995) ("Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process.")

The notice plan described above and set forth in the Settlement Agreement provides the best notice practicable under the circumstances. Direct notice will be provided to Class Members for whom the parties have contact information. Notice of the Settlement will also be available on a dedicated website created by Lenovo, and information about it will be posted on Class Counsel's website. *See, e.g., Swinton*, 2019 WL 617791, at \*13 (approving notice plan that included direct notice and a settlement website).

Finally, the content and substance of the proposed notice, attached as Exhibit B to the Settlement Agreement, will include all necessary legal requirements and provide a comprehensive explanation of the Settlement in simple, non-legalistic terms. See Fed. R. Civ. P. 23(c)(2)(B). Accordingly, the Parties respectfully request that the Court approve the notice plan.

## VI.   **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this Unopposed Motion for Preliminary Approval.

Dated: January 23, 2023                              Respectfully Submitted,

*/s/ Nicholas A. Migliaccio*
Nicholas A. Migliaccio *
MIGLIACCIO & RATHOD LLP
412 H St., NE
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
E-mail:
nmigliaccio@classlawdc.com

David A. Goodwin (#386715)
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
GUSTAFSON GLUEK PLLC
120 South Sixth Street #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
E-mail:
dgoodwin@gustafsongluek.com

Kevin Landau*
TAUS, CEBULASH & LANDAU,
LLP
80 Maiden Lane, Suite 1204
New York, New York 10038
Tel: (646) 873-7654
Fax: (212) 931-0703
E-mail: klandau@tcllaw.com

Attorneys for Plaintiff

* pro hac vice