UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gisairo et al., | Case No. 19-cv-2727 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Lenovo (United States) Inc., | |
| Defendant. | |

---

Plaintiffs, on behalf of themselves and the proposed Settlement Class,[1] seek preliminary approval of a proposed settlement of claims against Defendant Lenovo (United States) Inc., (Lenovo). (Dkt. 93.) Plaintiffs and Lenovo have entered into a Class Action Settlement Agreement and Release dated December 7, 2022 (Agreement), which provides for a complete dismissal with prejudice of the claims against Lenovo in this action and released claims arising out of or relating to the Display Defect in the Class Laptops to the extent those claims could have been asserted against Lenovo and its related entities and persons (Released Claims). Plaintiffs now move, pursuant to Rule 23(e)(1), Fed. R. Civ. P., for an order preliminarily approving the Agreement. The Court has reviewed and considered all papers filed in connection with Plaintiffs' unopposed motion. For the reasons addressed below, the Court is satisfied that the requirements for granting

---

[1] Unless otherwise indicated, capitalized terms in this Order have the meanings ascribed to those words in Section I of the Settlement Agreement. (Dkt. 95, Ex. 1.)

preliminary approval of the Agreement are otherwise met. Accordingly, the Court grants Plaintiffs' unopposed motion.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23, Fed. R. Civ. P., the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all end-user consumers who currently possess a Class Laptop that was purchased in the United States for personal use or for mixed person/business use, but not for resale.

2. **<u>Class Findings</u>** – Pursuant to Rule 23(e)(1)(B)(ii), Fed. R. Civ. P., the Court finds that it likely will be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds, for settlement purposes only, that each element required for certification of the Settlement Class pursuant to Rule 23(a), Fed. R. Civ. P., has been met or likely will be met: (1) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the named Plaintiffs in the Action are typical of the claims of the Settlement Class; and (4) the named Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class. The Court also finds, for settlement purposes only, that common issues of law and fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the Action. *See* Fed. R. Civ. P. 23(b)(3).

3. The Court hereby finds and concludes that, pursuant to Rule 23, Fed. R. Civ. P., and for settlement purposes only, the named Plaintiffs are adequate class representatives, and the Court certifies them as class representatives for the Settlement Class. The Court also appoints Class Counsel Migliaccio & Rathod LLP, Gustafson Gluek PLLC, and Taus, Cebulash & Landau, LLP, as Class Counsel for the Settlement Class, pursuant to Rule 23(g), Fed. R. Civ. P.

4. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification for the Settlement Class shall be void. Defendant shall reserve all arguments, defenses and issues that it would have been able to raise absent the settlement of this Class Action. Additionally, Plaintiffs have reserved all rights, including their right to continue with any appeals pending at the time of the Settlement.

5. **<u>Preliminary Approval of the Settlement</u>** – Plaintiffs' unopposed motion for preliminary approval of class action settlement, (Dkt. 93), is **GRANTED**. The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i), Fed. R. Civ. P., that it likely will be able to grant final approval of the Settlement as being fair, reasonable and adequate to the Settlement Class pursuant to Rule 23(e)(2), Fed. R. Civ. P., subject to further consideration at the Settlement Hearing to be conducted as described below.

6. **<u>Settlement Hearing</u>** – Pursuant to Rule 23(e)(2), Fed. R. Civ. P., the Court will hold a hearing (Settlement Hearing) in Courtroom 7A of the St. Paul Courthouse on September 12, 2023, at 1:00 PM, to consider the fairness, reasonableness and adequacy of

the proposed Settlement, the dismissal with prejudice of this Action with respect to the Released Party that is the defendant therein, and the entry of final judgment in the Action. Class Counsel's application for award of Attorneys' Fees and Expenses shall be heard at the time of the Settlement Hearing.

7. The date and time of the Settlement Hearing shall be set forth in the Notice, but the Settlement Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

8. Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her or its own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

9. Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class Member may object to the proposed Settlement, entry of the Final Order and Judgment approving the Settlement, and Class Counsel's application for Attorneys' Fees and Expenses by filing and serving a written objection

10. **Retention of Claims Administrator and Manner of Giving Notice** – Lenovo is hereby authorized to retain Rust Consulting (Claims Administrator) to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of claims, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lenovo as follows.

11. The Claims Administrator is responsible for:

(a) Sending the Long-Form Notice approved by the Court;

(b) Publishing the Summary Notice approved by the Court;

(c) Creating and maintaining the Settlement Website and a toll-free number that Class Members can contact to request a copy of the Agreement, a Long-Form Notice, and/or a Claim Form, and/or to obtain any other information concerning this Settlement or this Agreement;

(d) Consulting with Lenovo's counsel and/or Class Counsel concerning any relevant issues, including (without limitation) distribution of the Long-Form Notice and Summary Notice and the processing of Claim Forms;

(e) Processing and recording proper and timely requests for exclusion from or objections to the Settlement;

(f) Processing and recording Claim Forms;

(g) Transmitting repaired Class Laptops to Class Members who qualify;

(h) Transmitting Cash Payments to Class Members who qualify;

(i) Answering Class Members' questions in a timely manners; and

(j) Such other tasks as the Parties agree or the Court orders the Claim Administrator to perform in connection with the Agreement.

12. Beginning no later than fourteen days after the filing of this Order, Lenovo shall cause to be disseminated the Notices, substantially in the form attached as the Exhibits to the Agreement, in the manner set forth in the Agreement. Notice will be disseminated expeditiously pursuant to the terms of the Agreement. Class Members will have forty-five

(45) days from the Notice Date to opt-out or object. Prior to the Settlement Hearing, the Claims Administrator shall serve and file a sworn statement attesting to the compliance with the provisions of this paragraph.

13. **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Claim Form, the Long-Form Notice and the Summary Notice, attached to the Agreement as Exhibits A, B, and D, respectively.  The Court also finds that the mailing, distribution and publication of the Claim Form, the Long-Form Notice and the Summary Notice in the manner and form set forth in Paragraph 10 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, of their right to exclude themselves from the Settlement Class and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Long-Form Notice and Summary Notice before they are mailed and published, respectively.

14. **CAFA Notice** – As provided in the Agreement, Lenovo shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* (CAFA).  Lenovo is solely responsible for the costs of the CAFA notice and administering the CAFA notice.

15. **Notice Program** – The Court approves the Notice Program as described in the Agreement.

16. **Exclusion from the Settlement** – Any member of the Settlement Class that wishes to be excluded from the Settlement Class may do so by completing and submitting the online form on the Settlement Website or by mailing a valid request to opt-out, as described in the Long-Form Notice, to the Claims Administrator. Requests for exclusion must be submitted online by the Exclusion Deadline, or if mailed, must be postmarked by the Exclusion Deadline, or they shall not be valid. For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was received. A member of the Settlement Class who elects to opt-out of this Settlement and the Settlement Class shall not be permitted to object to this Settlement or receive any of the benefits of the Settlement. Members of the Settlement Class shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.

17. Any Member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all of the terms and provisions of the Settlement Agreement including, but not limited to, the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person received a benefit under the Settlement Agreement.

18. **Appearance and Objections at Settlement Hearing** – Any Class Member making the objection (an "Objector") must sign the objection personally. An objection

must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear personally at the Settlement Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing.

19. Objections, along with any notices of intent to appear, must be filed no later than August 16, 2023. If Counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each Class Member must have complied with the requirements of this Order. These documents must be filed with the Clerk of Court at the following address:

> Office of the Clerk
> United States District Court for the
> District of Minnesota
> U.S. Courthouse
> 316 N. Robert Street
> St. Paul, MN 55101

Objections, along with any notices of intent to appear, also must be mailed to Class Counsel and counsel for Defendant at the addresses listed below:

> Nicholas A. Migliaccio, Esquire
> Jason S. Rathod, Esquire
> Migliaccio & Rathod LLP
> 412 H Street N.E., Suite 302
> Washington, DC 20002
> Class Counsel
>
> Christina N. Goodrich
> Daniel J. Stephenson
> Zachary T. Timm
> K&L GATES LLP
> 10100 Santa Monica Boulevard, 8th Floor
> Los Angeles, CA 90067
> Counsel for Defendant

20. Only Class Members who have filed and served valid and timely notices of objections shall be entitled to be heard at the Settlement Hearing. Any Class Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for Attorneys' Fees and Expenses in accordance with the procedure set forth in the Notice Program and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

21. Persons wishing to be heard at the Settlement Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Settlement Hearing. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

22. All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against the Defendant.

23. **Other Provisions** – Upon approval of the Settlement provided for in the Agreement, each and every time and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

24. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Agreement, shall be paid as set forth in the Agreement.

25. Counsel for the Parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Court or the Settlement Agreement, including making, without

further approval of the Court, minor changes to the form or content of the Notices, and other exhibits that they jointly agree are reasonable and necessary.

26. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated:  April 10, 2023                               s/Wilhelmina M. Wright
                                                                   Wilhelmina M. Wright
                                                                   United States District Judge